BANK OF WAYLAND, Appellant, v. MARTINE STAIDLEY et al.,
Appellees.

**MORTGAGES:** Validity—Bona-Fide Assignee.   Evidence reviewed,
and held sufficient to show that plaintiff was not a bona-fide pur-
chaser of a mortgage.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

MAY 6, 1919.

THIS action is in equity, to foreclose a real estate mort-
gage.   Defendants M. L. Wilsey and wife claim that they
are the owners of the property in question, and that their
title is prior and superior to any claim of the plaintiff's.
The trial court so found, after a full hearing on the merits,
and the plaintiff appeals.—*Affirmed.*

*John M. Dawson* and *William Timberman,* for appel-
lant.

*Hollingsworth & Blood* and *Boyd & McKinley,* for ap-
pellees.

PRESTON, J.—It is alleged that, about March 19, 1914,
defendant Martine Staidley made her promissory note for
$600, due in one year, to O. V. Davis.   The note was se-
cured by a mortgage upon certain real estate in the city of
Keokuk.   The mortgage was duly recorded, March 21, 1914.
About April 20, 1914, Davis transferred the note to D. H.
Sage, by endorsing on the back thereof the following:

"April 20th, 1914.   Pay to order of D. H. Sage, with-
out recourse on me in either law or equity.   O. V. Davis."

Subsequent to said last-named date, D. H. Sage trans-
ferred the note to plaintiff, by endorsing on the back there-
of, "D. H. Sage."   The date of this transfer is in dispute,

plaintiff claiming that it was May 1, 1914. The defendants say that it was not until after August 25, 1914, at which time defendant Wilsey became the owner of the real estate; and they contend that there is evidence that the note and mortgage were not transferred until after Sage went into bankruptcy, November 27, 1914. Defendant Wilsey testifies that, on May 13, 1915, Boyd, the plaintiff's cashier, told him that the note and mortgage fell into their hands after Sage went bankrupt; and witness Harsch, who was apparently disinterested, testified to having heard this conversation. This is denied by the cashier. It will be referred to later. Subsequent to the last transfer, Sage was adjudged a bankrupt. This was on November 27, 1914; and thereafter, his whereabouts were unknown. Plaintiff is operating a bank at Wayland, Missouri, about ten miles from the city of Keokuk. Sage, at the time of the transaction in question, was operating a private bank at Alexandria, Missouri, about half way between Keokuk and Wayland. The defendant Martine Staidley made no defense to this action, and the defendant Angle, as trustee, moved to be dismissed, for want of jurisdiction to adjudicate this matter, so far as the same affected the bankrupt. This motion was sustained. The real defendants, Wilsey and wife, answered by expressly denying that Sage transferred the note to plaintiff on May 1, 1914, and say that defendant M. L. Wilsey is the absolute and unqualified owner of the real estate in question, and that his title is superior to that of plaintiff and all other persons; that Sage purchased the property from Martine Staidley, April 21, 1914; and that, as he was, at that time, the owner of the note and mortgage in suit, the interest of said Sage in the note and mortgage became merged in the title; and that said Staidley executed said warranty deed to Sage for the purpose of satisfying said note and mortgage, which was thereby settled; that the transfer of the mortgage to plaintiff bank

was not recorded; and that there was no notice of said
transfer to these defendants, or to anyone; and that, hence,
they took the title to said property without any notice of
said note and mortgage; that, when Sage sold the property
to these defendants, instead of executing a warranty deed
he took the deed which he had received from Martine Staid-
ley, and changed the amount of the consideration, and the
name of the grantee from Sage to Wilsey; that the note
and mortgage in suit were transferred by Sage to the bank,
as collateral security for the payment of another note, due
August 1, 1914, which note had been canceled and paid,
and the collateral released. Numerous authorities are cited
in argument, some of them general propositions of law,
about which there seems to be no dispute. Other questions
argued are questions of fact, upon which the trial court has
made its finding. Other facts are not in dispute. The trial
court made a finding of facts, and found as follows:

"The court finds that the note and mortgage upon the
property, as described in plaintiff's petition, was, on the
19th day of March, 1914, executed and delivered by Mar-
tine Staidley, at that time the owner and occupant of the
property therein described, to one O. V. Davis; that, on
the 20th day of April, 1914, O. V. Davis assigned said note
to one D. H. Sage; that thereafter, on the 21st day of April,
1914, the said Martine Staidley sold and delivered the said
property to the said Sage, executing to Sage a warranty
deed for said property; that said transfer from Staidley to
said Sage was to pay off the indebtedness created by the
aforesaid note and mortgage, together with other debts
owing to Sage, and that the balance of the consideration for
said property was paid by said Sage to said Martine Staid-
ley in cash; that, at said date, possession of said property
was turned over to the said Sage; that, on or about August
25, 1914, the said Sage sold the said property to the de-
fendant M. L. Wilsey, the purchase price for said property

being at that time paid by said M. L. Wilsey to the said
Sage; that the possession of the said property was at said
time turned over and delivered to the defendant Wilsey;
that no deed was executed at said time, but that, on said
date, there was an actual sale of said property by said
Sage, as above stated; that the deed executed on April 21,
1914, by Martine Staidley to D. H. Sage, has never been put
on record, but, on November 7, 1914, said deed was changed
by erasing the name of D. H. Sage as grantee, and insert-
ing instead thereof the name of M. L. Wilsey, which deed
was on that day recorded in the recorder's office of Lee
County, at Keokuk; that, on the 10th day of November,
1914, an unacknowledged mortgage, executed by M. L. Wil-
sey and Ida Wilsey to D. H. Sage, said mortgage being
dated August 31, 1914, securing a note for $800, was re-
corded; that the said Sage assigned the note and mortgage
executed by Martine Staidley to O. V. Davis, and by Davis
assigned to him, to the plaintiff in this action; that plain-
tiff has failed to establish that said note was assigned to it
before the sale of the said property by the said Sage to the
said defendant Wilsey; that no assignment to plaintiff of
the said mortgage described in plaintiff's petition was
placed on the records of Lee County, Iowa.

"Under the foregoing facts, the court is of the opinion
that the plaintiff is not entitled to recover, as against the
defendant Wilsey, and the court is of the further opinion
that, even if the assignment of the Staidley note by the said
D. H. Sage was made to the said plaintiff before the sale of
the said property by the said Sage to the said Wilsey, that,
nevertheless, the plaintiff would not be entitled to recover,
because of the failure of the said plaintiff to have the as-
signment thereof placed on record."

The decree was entered in accordance with the findings.
It is contended by appellant that the trial court was in
error in finding that plaintiff had failed to establish that

the note and mortgage were assigned to it before the sale of the property by Sage to defendant Wilsey; in finding that plaintiff was not entitled to recover, because of its failure to have the assignment of the note and mortgage recorded; in holding that the mortgage merged in the title held by Sage; and in holding that the deed from Staidley to Sage was made for the purpose of paying off the indebtedness represented by the note and mortgage. Appellant also contends that the decree is not sustained by the evidence, and is contrary to the law and the evidence. It will serve no useful purpose to go into the evidence in detail, on the disputed fact questions, and we shall not attempt to do so, but will refer to some of the more important circumstances only, and state our conclusion.

1. It is, and seems to be so considered, quite important whether the note and mortgage were received by the plaintiff bank before defendant Wilsey became the owner of the property, or whether it was afterwards. A considerable part of the argument is taken up at this point, and in reviewing the testimony. Some of appellant's arguments on other questions are based upon the assumption that it became the owner thereof before defendant bought the property. Appellant says that the evidence is undisputed; but to this we cannot agree. On the contrary, we are satisfied from the evidence that the finding of the trial court at this point is amply sustained by the evidence. On May 1, 1914, Sage gave to plaintiff a note for $2,500, with two other parties as sureties. This note was renewed, later, at about the time Sage was becoming financially embarrassed, and some of the prior sureties did not sign the renewal note. At the time of the execution of the $2,500 note, May 1, 1914, Sage gave collateral security—one note for $700, and a deed of trust, and another note for $1,000. It is true that Boyd, the cashier, and Fore, the president of the bank, testified that they received the note and mortgage on May 1,

1914, but their testimony is somewhat weakened on cross-examination. The transfer by Sage is undated; the bank records do not show this paper. The cashier testified that, on May 1, 1914, plaintiff kept no record of its collateral security; that he kept these securities in an envelope; that he thinks the envelope would show the date he received the note; but that he could not produce the envelope. The testimony of Harsch and of defendant has already been referred to. There is evidence tending strongly to show that the note in question was taken as collateral for the $2,500 note. Defendants contend that the $2,500 note has been paid off. We do not so understand the record. It does appear that the $2,500 note was filed as a claim in the bankruptcy court, and that a dividend of 25 per cent has already been paid; and the claim is that further dividends will be declared. There are other circumstances bearing upon the question as to whether plaintiff was an innocent holder, and, as said, the evidence is sufficient to sustain the finding of the trial court that plaintiff had failed to establish that the note was assigned to it before the sale of the property by Sage to defendant Wilsey.

At the time defendant Wilsey purchased this property from Sage, Sage was the real owner of it. Sage had repeatedly assured Wilsey that there was no incumbrance against the property, and that the title was clear at the time Wilsey bought, in August. Martine Staidley had deeded the property to Sage for the purpose of settling the note and mortgage in suit. She so testifies, and that she settled the whole thing. Thereafter, plaintiff came into possession of the note and mortgage, and, as it claims, from Sage. But, as said, defendant claims that the plaintiff bank, in some way, obtained possession of the note and mortgage as

additional collateral security, after Sage had become bankrupt.

Appellant cites cases to sustain its proposition that a party who takes a note and mortgage in good faith, for valuable consideration, before maturity, and without knowledge or notice of any infirmities, is entitled to the protection of the law. Appellees do not dispute this legal proposition. Under the evidence before set out, and the findings of the trial court at this point, which we sustain, plaintiff was not such a holder. The weight and preponderance of the evidence so show. This being so, a discussion of the other propositions presented is rendered unnecessary.

On the whole case, we are of opinion that the equities are with the defendants, and that the trial court properly rendered the decree in their favor.—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.